UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANGELA CLEVELAND | CIVIL ACTION NO. 21-4338 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BIENVILLE MEDICAL CENTER, INC. ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is an appeal of the Magistrate Judge's ruling [Record Document 54] filed by Bienville Medical Center, Inc. ("BMC") and Renee Samuels ("Samuels") (collectively, "Defendants"). The Magistrate Judge's ruling [Record Document 47] is **AFFIRMED** for the reasons below.

## BACKGROUND

Angela Cleveland ("Cleveland") brought her son, Kedeldric Dontrez Brown ("Brown"), to BMC's emergency room for an examination. Record Document 1. Two hours after arriving, Brown left BMC's waiting room and ran onto an interstate, where he was struck by multiple cars and died. *Id.* at 4–5. Cleveland later filed suit citing 42 U.S.C. § 1395, medical malpractice, Louisiana's anti-dumping laws, and Louisana's wrongful death and survival code articles. Cleveland brought these claims individually and on Brown's behalf against Defendants for their alleged failure to treat her son. *Id.* at 5–6.

Unfortunately, Cleveland was not the individual vested with the statutory authority to bring this lawsuit. When Brown died, he left behind other surviving relatives, including his minor child, K.B. Under Louisiana's wrongful death and survival provisions, surviving children are in a higher class of survivors than parents. La. Civ. C. arts. 2315.1(A) &

2315.2(A). For Cleveland, this situation meant she lacked "prudential standing" to sue Defendants in Brown's place. *Abraugh v. Altimus*, 26 F.4th 298, 302 (5th Cir. 2022). Recognizing Cleveland's predicament, Defendant Samuels moved to dismiss the action. Record Document 21. In response to Samuels's motion, Cleveland argued that she should be allowed to substitute K.B. as a proper plaintiff and moved to amend her complaint. Record Document 47. Magistrate Judge Hornsby granted that motion and allowed Cleveland to substitute as plaintiff Brianna Babers on behalf of K.B. *Id.* at 7.[1] Defendants now appeal the Magistrate Judge's decision granting leave to amend.

## LEGAL STANDARD

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge, who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in

---

[1] The Court has since denied Samuels motion to dismiss as moot. Record Document 49.

2

its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

## ANALYSIS

The basis of Defendants' appeal rests on two grounds. First, Defendants contest the ruling because they argue that Judge Hornsby referred to a cause of action Cleveland never pursued. The ruling states, in particular, that Cleveland brought this action in part under 42 U.S.C. § 1983. But Cleveland did not invoke § 1983; she invoked a claim under 42 U.S.C. § 1395, the Emergency Medical Treatment & Labor Act ("EMTALA"). Even so, Judge Hornsby did not rely upon § 1983 in granting leave to amend or analyze whether any of Cleveland's legal theories were meritorious. Though this action arises under the EMTALA and not § 1983, the fact that Judge Hornsby cited § 1983 does not make his decision granting Cleveland leave to amend clearly erroneous or contrary to law.

Next, Defendants contend that Judge Hornsby erred in applying the relation-back analysis. Federal courts employ Louisiana's relation-back doctrine in determining whether Louisiana claims relate back under Federal Rule of Civil Procedure 15. *Nobre v. La. Dep't of Pub. Safety*, 935 F.3d 437, 441 (5th Cir. 2019). The Louisiana Supreme Court established this doctrine in *Giroir v. South Louisiana Medical Center*, 475 So. 2d 1040, 1043 (La. 1985). There, the Supreme Court held that amended claims relate back when:

(1) the amended claims arose out of the same conduct, transaction, or occurrence set forth in the original petition

(2) the defendant either knew or should have known of the existence and involvement of the new plaintiffs

(3) the new and the old plaintiffs were sufficiently related so that the added or substituted parties were not wholly new or unrelated; and

3

(4) the defendant was not prejudiced in preparing and conducting its defense.

*Id.*

While acknowledging this existing standard, Judge Hornsby briefly considered whether Cleveland could fulfill these elements. He mentioned in his analysis that Defendants "were given notice of the existence of the child in initial disclosures filed in August 2022." Record Document 47 at 5. Defendants say this observation was incorrect and that the "disclosure" Judge Hornsby referenced was made by Defendants' counsel, *not* Cleveland to Defendants.

Though that may be true, such a circumstance does not invalidate Judge Hornsby's ultimate ruling. Judge Hornsby's findings in this regard were not dispositive; he assessed whether Cleveland could conceivably meet the *Giroir* requirements and noted that his ruling was not a "final decision." *Id.* at 5. He also concluded that giving leave to amend was appropriate for several other independent reasons, including Rule 15's liberal policy favoring the amendment of pleadings. *Id.* at 5–7; Fed. R. Civ. P. 15(a)(2) (stating that "courts should freely give leave when justice so requires"). Based on these facts, Judge Hornsby's ruling was neither clearly erroneous nor contrary to law.

## CONCLUSION

For the reasons outlined above, **IT IS ORDERED** that the Magistrate Judge's ruling [Record Document 47] is **AFFIRMED**, and the Defendants' appeal [Record Document 54] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's voluntary motion to dismiss [Record Document 60] Defendant Renee Samuels is **GRANTED**. All claims against Renee Samuels are hereby **DISMISSED with prejudice**, with each party bearing their own costs and attorneys' fees. Plaintiff retains all claims and causes of action against Defendant Bienville Medical Center, Inc.

**IT IS FURTHER ORDERED** that Defendant Renee Samuels motion for summary judgment [Record Document 52] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for a scheduling conference.

**THUS DONE AND SIGNED** this 5th day of April, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE