UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRIANNA BABERS | CIVIL ACTION NO. 21-4338 |
| VERSUS | JUDGE EDWARDS |
| BIENVILLE MEDICAL CENTER INC ET AL | MAG. JUDGE HORNSBY |

## MEMORANDUM RULING AND ORDER

Before the Court is Plaintiff's Daubert Motion/Motion in Limine to Limit/Exclude Testimony of Defendants' Expert Witness, Dr. Rebecca Hutchings.[1] The Motion was filed by Plaintiff Brianna Babers ("Plaintiff" or "Ms. Babers"). Defendant Bienville Medical Center Inc. ("Defendant" or "BMC") opposes.[2] For the reasons set forth below, the Motion is **GRANTED**.

### I. BACKGROUND

This case arises from events that took place on or about December 18, 2020, shortly after 2:00 a.m., when Angela Cleveland ("Ms. Cleveland") brought her twenty-nine-year-old son, Kedeldric Dontrez Brown ("Mr. Brown"), to the Emergency Department ("ED") entrance of BMC.[3] The plaintiff asserts claims under the Emergency Medical Treatment and Labor Act ("EMTALA"), alleging that Mr. Brown died after BMC failed or refused to provide him with a medical screening or treatment to determine whether he had an emergency medical condition.[4]

---

[1] R. Doc. 88.
[2] R. Doc. 98.
[3] R. Doc. 48 at 2–5.
[4] R. Doc. 1.

Plaintiff designated Dr. Karen Jubanyik, an emergency medicine physician, as an expert witness and submitted her expert report, in which she specifically addresses and provides opinions on EMTALA.[5] Defendant has designated Dr. Rebecca Hutchings, also an emergency medicine physician, as an expert witness regarding the claims in this case and has submitted her expert report, which also discusses the EMTALA claims.[6]

The instant Motion contemplates the admissibility of Dr. Hutchings' opinion as to whether BMC was in violation of EMTALA in its treatment of Mr. Brown on December 18, 2020.[7]

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 addresses expert witness testimony. A witness may be qualified as an expert through "knowledge, skill, experience, training, or education."[8] Expert testimony is admissible if:

> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) the testimony is based on sufficient facts or data;
> c) the testimony is the product of reliable principles and methods; and
> d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[9]

---

[5] R. Doc. 98-1 at 3.
[6] R. Doc. 98-2 at 5.
[7] R. Doc. 88 at 2.
[8] Fed. R. Evid. 702.
[9] Fed. R. Evid. 702(a)–(d).

"[T]o qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'"[10] "The litmus test to determine if opinion testimony rests of scientific, technical, or other specialized knowledge is 'whether the testimony falls within the realm of knowledge of the average law person.'"[11] "A person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."[12]

"[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. Presumably, this relaxation of the usual requirement of firsthand knowledge…is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline."[13]

In *Daubert v. Merrell Dow Pharms., Inc.*, the Supreme Court held that trial courts must determine whether the reasoning or methodology underlying the testimony of an expert is scientifically valid and whether that reasoning or methodology can properly be applied to the facts in issue.[14] "[T]he trial judge must

---

[10] *United States v. Bourgeois*, 950 F2d 980, 987 (5th Cir. 1992) (quoting *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir.1978)).
[11] *E.Z. Aces Gaming Inc. v. Penn-Am. Ins. Co.*, 643 F.Supp.3d 620, 626 (W.D. La. Nov. 28, 2022) (quoting *United States v. Caldwell*, 586 F.3d 388, 348 (5th Cir. 2009)).
[12] *Doddy v. Oxy USA*, Inc., 101 F.3d 448, 460 (5th Cir. 1996).
[13] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) (internal citations omitted).
[14] *Daubert*, 509 U.S. at 592–593.

ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[15]

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community.[16] This reliability inquiry must be flexible as every factor under *Daubert* will not be applicable in all situations.[17]

Trial courts have "wide latitude in deciding whether to exclude an expert's testimony,"[18] and "rejection of expert testimony is the exception rather than the rule."[19] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[20] Finally, experts cannot "render conclusions of law" or provide opinions on legal issues.[21]

### III.   ANALYSIS

The Motion asserts that Dr. Hutchings should be prohibited from offering testimony regarding legal conclusions, specifically whether the BMC's actions

---

[15] *Id.* at 589.
[16]  *Burleson v. Tex. Dep't of Criminal Justice,* 393 F.3d 577, 631 (5th Cir. 2004).
[17] *Id.*
[18] *Whatley v. Great Lakes Ins. SE*, 2020 WL 8970502, at *5 (E.D. Tex. Nov. 30, 2020) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).
[19] *Whatley*, 2020 WL 8970502 at *5 (citing *Eagle Oil & Gas Co., v. Travelers Prop. Cas. Co. of Am.*, 2014 WL 3744976, at *3 (N.D. Tex. July 30, 2014) (quoting Fed. R. Evid. 702, Advisory Committee's Notes (2000)).
[20] *Daubert*, 509 U.S. at 596.
[21] *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).

violated EMTALA. Ms. Babers contends that determining whether a violation of EMTALA occurred is a legal question reserved for the Court, not an expert witness.[22] Therefore, Ms. Babers argues, any testimony from Dr. Hutchings that interprets EMTALA or offers legal conclusions should be excluded under Federal Rule of Evidence 702 and the *Daubert* standard.[23]

In response, BMC argues the Motion should be denied but does not dispute that experts cannot offer legal conclusions.[24] Instead, BMC contends that Dr. Hutchings is qualified to provide expert testimony on emergency medicine, which is relevant to the EMTALA claims. BMC points out that Plaintiff's own expert, Dr. Karen Jubanyik, also offered opinions on EMTALA-related medical obligations.[25] BMC asserts that Dr. Hutchings' extensive experience in emergency medicine qualifies her to testify on medical aspects of the case, even if she cannot explicitly state whether EMTALA was violated.[26] Therefore, BMC urges the Court to allow Dr. Hutchings to testify within the scope of her expertise.[27]

As the parties do not dispute that expert witnesses are prohibited from offering legal conclusions, the Court finds it appropriate to grant Ms. Babers' Motion to the extent that it seeks to exclude any testimony by Dr. Hutchings offering legal conclusions regarding whether EMTALA was violated. Any such testimony is inadmissible and shall be excluded. However, Dr. Hutchings remains qualified to

---

[22] R. Doc. 88-1 at 3.
[23] *Id* at 2–3.
[24] R. Doc. 98 at 3.
[25] *Id*. at 3–4.
[26] *Id*.
[27] *Id*.

testify as an expert in emergency medicine, and she may offer opinions within the scope of her expertise that do not constitute impermissible legal conclusions.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Motion (R. Doc. 88) is **GRANTED**. Dr. Hutchings is prohibited from offering legal conclusions regarding whether EMTALA was violated. Dr. Hutchings may testify as an expert in emergency medicine.

**THUS DONE AND SIGNED** in Alexandria, Louisiana this 25th day of March 2025.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE